# Washburn, Admr. *v.* Union Central Life Insurance Co.

*Action on Life Insurance Policy.*

1  *Insurance policy; forfeiture; waiver of, what constitutes.*—If, after knowledge of all the facts, the conduct of an insurance company has been such as to reasonably imply a purpose not to insist upon a forfeiture of the policy of insurance, the law, leaning against forfeitures, will apply the peculiar doctrine of waiver, invented probably to prevent them, and will hold the insurer irrevocably bound as by an election to treat the contract as if no cause of forfeiture had occurred.

2  *Same; same; waiver of, irrevocable.*—A forfeiture occurs, if at all, immediately upon the breach of the condition in the con-

[Washburn, Admr. v. Union Central Life Insurance Co.]

tract on which it is based, and a waiver of the forfeiture, once made, whether by declarations, or by acts and conduct, cannot be recalled.

3. *Same; same; not favored by law.*—Forfeitures for non-payment of premiums are not favored by law, and the courts are always prompt to seize hold of any circumstances that indicate an election to waive the forfeiture.

4. *Same; waiver of forfeiture, no consideration necessary to support.*—The conditions of a policy of insurance, being for the benefit of the insurer, and which he may waive, no consideration is necessary to support such waiver.

5. *Same; same; insistence upon payment of note taken for unpaid premium.*—While the mere retention of a note, after default, taken for an unpaid premium, without more, would not probably amount to a waiver of the forfeiture of the policy, yet when, as in this case, there is an insistence by the insurer on the payment of the defaulted note, it clearly shows a recognition by the insurer of the validity of the policy.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The facts in this case are sufficiently stated in the opinion.

CULLI & MARTIN, for appellant.—The stipulations in a policy of insurance as to what shall operate as a forfeiture do not interfere with the rule of law as to waiver of forfeiture clauses. Such waiver may be shown by parol, and even by acts, declarations or conduct on the part of the insurer.—*Queen Ins. Co. v. Young*, 86 Ala. 424; *Bantun v. Am. Mut. Life Ins. Co.*, 25 Conn; *Knickerbocker Ins. Co. v. Norton*, 96 U. S. 234; *N. Y. Life Ins. Co. v. Eggleston*, 96 U. S. 572; *Ins. Co. v. French*, 30 Ohio State 240; *Ins. Co. v. Earle*, 33 Mich. 153; *Williams v. Main St. Relief Assn. Co.*, 36 Atl. Rep. 13.

Though the conduct of insurer may not have actually misled the insured to his prejudice, or into an altered position, yet if, after knowledge of all the facts, its conduct has been such as to reasonably imply a purpose not to insist upon a forfeiture, the law, leaning against forfeitures, will apply the peculiar doctrine of waiver, invented probably to prevent them, and will hold the insurer irrevocably bound, as by an election, to treat the

contract as if no cause of forfeiture had occurred.— *Kiernan v. Duchess Co. Mut. Ins. Co.*, 44 Atl. Rep. 698; *Titus v. Glens Falls Ins. Co.*, 81 N. Y. 410.

Forfeitures for nonpayment of premiums are not favored in law.—*U. S. Life Ins. Co. v. Lesser*, 126 Ala. 586-7;*Insurance Co. v. Eggleston*, 96 U. S. 572; *Insurance Co. v. Norton*, 96 U. S. 234; *Insurance Co. v. Doster*, 106 U. S. 30; *Trav. Ins. Co. v. Brown*, 138 Ala. 526.

HOOD & MURPHREE, *contra*.—As to what constitutes a waiver of forfeiture,—*Brooklyn Life Ins. Co. v. Bledsol*, 52 Ala. 538; *Mobile Life Ins. Co. v. Pruett*, 74 Ala. 487.

The time of payment of premiums is of the essence of the contract of insurance.—*Glass v. Ins. Co.*, 96 Ala. 568; *Knickerbocker Ins. Co. v. Norton*, 96 U. S. 234; *Thompson v. Insurance Co.*, 104 U. S. 252.

DENSON, J.—This is an action on a life insurance policy. The complaint is in Code form.

The defendant, in pleas numbered two and three filed to the complaint, set up as a defense a forfeiture of the policy sued on. To these pleas, the plaintiff filed replications from seventeen to twenty-four inclusive, in all of which it was claimed that the forfeiture set up in the pleas was waived by the defendant, and setting forth the facts constituting the alleged waiver. Demurrers were sustained to the replications, and, under the practice act for the city court of Gadsden (Acts 1900-1901, page 1288), the present appeal is taken from the judgment of the court on the demurrers.

The following facts are shown by the pleadings; the defendant issued to plaintiff's intestate the policy sued on, on November 30th, 1901, when the first annual premium was paid. The second annual premium became due November 30th, 1902; three days prior thereto, on the 27th of November, the plaintiff's intestate gave the defendant company his promissory note, payable October 30th, 1902, for this second annual premium, which covered the period of insurance in the policy from Nov. 30th, 1902, to Nov. 30th, 1903. The policy and the note both contained a forfeiture clause, which provided that a failure to pay the note at maturity would work a for-

feiture of the policy. The insured, plaintiff's intestate, defaulted in the payment of the note at its maturity on October 30th, and died on the 18th of November afterwards. After said default in the payment of the note, the defendant company's general agent wrote to the insured, calling his attention to his default and requesting him to remit, and still later on again wrote the insured, on the 14th of November, four days before the insured died, asking him to pay the note and not to let his policy lapse, or, at least, to that effect, and, also, enclosing to him a dividend receipt for a dividend, which had been declared on his policy, to be signed and returned, and which would be applied by the company on his third premium that would become due on Nov. 30th, 1903. After the death of the insured on the 18th of November, the defendant denied all liability, claiming that the policy had been forfeited by reason of the default in the payment of the said note at its maturity.

No question is raised as to the authority of the general agent, as averred in the replication to the pleas, to bind the defendant company by his acts and conduct. The vital question, and we might say the only one, is, did the facts averred in the replications constitute a waiver by the defendant of the forfeiture occasioned by the failure of the insured to promptly pay the premium note at maturity?

As may be seen from the many cases cited in briefs of counsel for appellant, no principle of law is more fully established, than the one, that forfeitures are not regarded with favor by the courts. The forfeiture condition in the contract was for the benefit of the insurer, and, when the forfeiture occurred, to be claimed or waived, at its option. The option to waive may be express, or it may be implied from acts and conduct. A waiver may be founded upon an estoppel, but it is not necessarily so. Though the conduct of the insurer may not have actually misled the insured to his prejudice, or into an altered position, yet, if, after knowledge of all the facts, its conduct has been such as to reasonably imply a purpose not to insist upon a forfeiture, the law leaning against forfeitures will apply the peculiar doctrine of waiver, invented probably to prevent them, and will hold the insurer irrevo-

cably bound as by an election to treat the contract as if no cause of forfeiture had occurred.—*Ala. State Mutual Assurance Association v. Long,* 123 Ala. 667, and cases there cited.

The forfeiture occurs upon the breach of the condition in the contract on which it is based, and a waiver of the forfeiture, when once made, whether by declaration or by acts and conduct, cannot be recalled. It has been frequently said, forfeitures for the non-payment of premiums are not favored in law, and the courts are always prompt to seize hold of any circumstances that indicate an election to waive the forfeiture, or an agreement to do so, on which the party has relied and acted.—*U. S. Life Ins. Co. v. Lessor,* 126 Ala. 586; *Ins. Co. v. Eggleston,* 96 U. S. 572; *Ins. Co. v. Norton,* 96 U. S. 234; *Ins. Co. v. Doster,* 106 U. S. 30; *Trav. Ins. Co. v. Brown,* 138 Ala. 526.

The conditions being for the benefit of the insurer, and which he may waive, no consideration is necessary to support such waiver.—*Viele v. Graham Ins. Co.,* 26 Iowa 9; s. c., 96 Am. Dec. 83.

The facts in the present case are, in some respects, different from the cases reported that we have examined. It is to be noticed in this case, that the premium for which the note was given covered the period within which the insured died. It cannot be questioned that the note, unpaid in the hands of the defendant, could be used as a set-off against the policy. It may be, and doubtless is true, that the bare retention of the note without more, after default in its payment, would not amount to a waiver of the forfeiture. But such is not the case here. There is not only a retention of the note, but an insistence upon its payment. The facts averred in the replications, we think, clearly show a recognition by the defendant of the validity of the policy, and this, subsequent to the occurrence of the alleged default. This was an election by the insurer to treat the policy as subsisting and valid, and amounted to a waiver of the forfeiture. If tender of payment of the note, had, under the facts stated in the pleading, been made on the 18th of November, the day on which the insured died, no other reasonable inference can be drawn than that the defendant company

would have accepted it, and would have been in law bound to accept. On the facts' stated, the liability of the defendant on the policy was fixed by the death of the insured, and, of course, no tender of payment of the note by the administrator was necessary.

Our conclusion is, that, for the reasons above stated, the court erred in sustaining the demurrers to the replications. The judgment will be reversed, and one will be here rendered overruling the demurrers, and the cause remanded.

Reversed, rendered and remanded.

McCLELLAN, C. J., HARALSON and DOWDELL, J.J., concurring.