(99 South. 787)

## BELT AUTOMOBILE INDEMNITY ASS'N v. ENSLEY TRANSFER & SUPPLY CO. (6 Div. 816.)

(Supreme Court of Alabama. April 10, 1924.)

**1. Insurance ☞639—Complaint need not negative exceptions to liability.**

In action on policy containing a general liability clause, followed by clauses excepting specified cases, the complaint need not negative the exceptions; defendant having the burden of alleging and proving them as matter of affirmative defense.

**2. Insurance ☞646(6)—Burden of proof on insured suing on policy.**

Plaintiff in suit on a policy has the general burden of proof, and, when insurer offers evidence showing prima facie that the case is one of nonliability, under an exception clause, the burden of showing a case within the policy remains on plaintiff.

**3. Insurance ☞371 — Mere defense of suit against beneficiary, by indemnity insurer, does not ingraft liability not covered in indemnity policy.**

A liability not covered by an indemnity policy will not be ingrafted by mere act of insurer in assuming control of litigation and conducting defense when beneficiary is sued upon such liability, as original, primary obligations are not created by waiver or election.

**4. Insurance ☞641(2)—Insured's allegations held to plead estoppel as against insurer pleading exception to policy.**

In action on automobile liability policy, insurer's plea that the liability sued on was under the Employer's Liability Act which was an exception to its policy obligation, was validly answered by replications that insurer assumed authority under color of right in taking charge of the defense of the original action against insured, who submitted in reliance upon such assumption, and suffered injury therefrom by relinquishing opportunity to settle the action for a small sum.

**5. Pleading ☞216(3)—Demurrer to replication held not to raise question of departure.**

Where no ground of demurrer to replication pointed out a possible technical departure

from complaint, that question was not presented.

**6. Trial ☞281—Objection to oral charge, not specifying good and bad parts, ineffective.**

Objection to part of an oral charge as going beyond the terms and scope of the pleading, which was not specific and failed to separate objectionable portions from the mass of good and bad, was ineffective.

**7. Insurance ☞669(2)—Trial ☞296(2)—Instructions in action on indemnity policy held misleading but not prejudicial.**

In action on automobile liability policy, instructions that "contracts are decided by custom and interpretation," that "each party has a right to interpret for himself the meaning and purpose of the contract," etc., were misleading, but, being expressly qualified by other instructions, were not prejudicial.

**8. Evidence ☞155(8), 271(19) — Insured's statements in letter to indemnity insurer, after judgment for damages against insured, were inadmissible in action on indemnity policy.**

In action on automobile liability policy, plaintiff's statements in letter to defendant insurer, after damage judgment had been rendered against plaintiff, were inadmissible; but where defendant brought out portions of the letter on cross-examination of plaintiff, it was competent on rebuttal to show all that was said in the letter about the matter under discussion.

**9. Insurance ☞664—Statement of injured as to settling claim against one insured under indemnity policy, properly admitted in action on policy.**

In action on automobile liability policy, statement of injured man to plaintiff as to settling his claim, and the terms upon which he would settle, it having been shortly afterwards communicated by plaintiff to defendant, was properly admitted on issue of estoppel.

**10. Insurance ☞629(1)—Complaint on indemnity policy held to show breach of defendant's obligation.**

In action on automobile liability policy, complaint held to show breach of defendant's obligation.

**11. Insurance ☞385—Requirement of written indorsement applies only to express agreements of alteration or waiver.**

Provision in indemnity policy that "no condition or provision * * * shall be altered or waived except by written indorsement" is applicable only to express agreements of waiver or alteration, and not to implied waivers nor estoppels in pais.

**12. Insurance ☞641(2)—Rejoinder to replication of estoppel held demurrable.**

In action on automobile liability policy, where replication set up defendant's estoppel to claim that the liability sued on was excepted from policy, by reason of its assuming control of proceedings and defense of action on such liability whereby opportunity to settle was lost to plaintiff, defendant's rejoinder, showing invitation to plaintiff, shortly before trial,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to employ its own counsel to assist defendant's counsel, but not showing relinquishment of control over suit nor that the invitation did not come after the estoppel became complete, *held* demurrable.

Appeal from Circuit Court, Jefferson County; D. A. Greene, Judge.

Action by the Ensley Transfer & Supply Company against the Belt Automobile Indemnity Association. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is brought by the appellee, the Ensley Transfer & Supply Company against the Belt Automobile Indemnity Association, appellant, on an automobile liability policy issued by it. The cause was tried on counts 4 and 5 which are substantially alike. Count 4 is as follows:

Count 4. "The plaintiff, Ensley Transfer & Supply Company, a corporation, claims of the defendant, the Belt Automobile Indemnity Association, a corporation or association, engaged in the business of fire, theft, and indemnity automobile insurance, in the state of Alabama, the sum of $2,500, as damages, for the breach of an insurance policy or contract entered into on, to wit, the 10th day of November, 1919, under the terms of which the defendant, in substance, agreed to indemnify the plaintiff against loss arising or resulting from claims, or any legal liability imposed upon the insured, for damages, on account of bodily injuries, accidentally suffered or alleged to have been suffered while such policy is in force, including death resulting at any time therefrom, by any person or persons, by reason of the ownership, maintainance, or use of any of the automobiles enumerated or described in said policy.

"And plaintiff avers that while said insurance policy was in force a motor vehicle or automobile truck therein mentioned and described collided with or ran upon or against one Henry Alexander, and as a result of such collision the said Henry Alexander received personal injuries, and that, on account of said injuries to said Alexander, a claim for damages was made upon the plaintiff, of which the defendant has had notice, and thereafter a suit was entered by the said Alexander against the plaintiff in the circuit court of the Tenth judicial circuit of Alabama, of which the defendant had notice, and which suit the defendant defended, and that a judgment was rendered on the verdict of a jury in said cause against the plaintiff, and in favor of the said Henry Alexander, in the sum of, to wit, $1,250. Plaintiff avers that defendant failed or refused or declined to pay said judgment, and that thereupon plaintiff through its attorneys made a motion for a new trial in said cause, and, upon the overruling of said motion for a new trial, prosecuted an appeal to the Supreme Court of Alabama, which last-named court affirmed said cause, and plaintiff avers that on account of such verdict and judgment plaintiff was forced to pay to the clerk of the circuit court, Tenth judicial circuit of Alabama, the sum of $1,645.70, which included said judgment, penalty, and said court costs. Plaintiff avers that on account of the failure of the defendant to defend said cause, after the rendition of the judgment therein, it was necessary for plaintiff to procure the services of an attorney to prosecute the motion for a new trial and to prosecute the appeal to the Supreme Court of Alabama, and that it has incurred expenses in the sum of $300 for the reasonable value of the legal services of such attorneys in said case.

"Plaintiff avers that it has in all respects complied with the terms and provisions of its contract, and that the defendant has breached said insurance policy, or insurance contract, in that, although it was the duty of the defendant, under the terms of said contract, to defend said suit, and to indemnify plaintiff against loss or damage therefrom, yet the defendant failed and refused to defend said suit, in that defendant failed or refused to make a motion for a new trial in said cause, after the rendition of the judgment against plaintiff therein, or to prosecute an appeal to the Supreme Court in said cause, or to indemnify plaintiff against loss or damage on account of such verdict and judgment, in that defendant refused either to further prosecute the defense of said cause, or to pay the judgment rendered against plaintiff in said cause."

Defendant pleaded the general issue, and also plea 3, as follows:

"The defendant says that said suit is on a policy of insurance claimed to have been issued by the defendant to the plaintiff, and defendant avers that liability to said Alexander, for which the said Alexander obtained judgment against the plaintiff, was imposed upon plaintiff by the Employers' Liability Law of the state of Alabama, and defendant avers that such claim was not covered by the policy sued on, for that the following exclusion was obtained in said policy, namely: 'Exclusions: A. This contract does not cover loss resulting or arising from any of the following causes or while said automobile is being used or maintained under any of the following conditions: 7. Loss from the liability imposed upon the subscriber by any workmen's compensation or employers' liability law, agreement, or plan.'"

To plea 3 plaintiff specially replied:

"(5) For further answer to the plea filed in said cause the plaintiff says that the defendant by its conduct is now estopped to deny liability under said insurance contract in that, after suit was brought against plaintiff by said Alexander on a complaint counting solely on the Employers' Liability Act, defendant elected to defend said suit through its attorneys and filed pleadings therein in circuit court and assumed the control and direction for the defense of such action; and plaintiff avers that, relying upon such course of action on the part of defendant, it changed its attitude in that it did not employ its own counsel to defend said suit and relinquish its right and opportunity to make settlement with the said Alexander by the payment to him of the approximate sum of $175 which said Alexander was willing to take in settlement of said claim against plaintiff; and plaintiff further avers that it surrendered the control and conduct of the litigation instituted by said Alexander against it to the defendant, and that defendant conducted such litigation until judgment was obtained against

plaintiff in the suit of the said Alexander in the circuit court on, to wit, June 10, 1920.

"(6) For further answer to said plea the plaintiff says that after investigation of the accident to Alexander the defendant through its agent or attorney thereunto authorized advised plaintiff that it would assume control and conduct of said claim and that plaintiff was not liable for damages to the said Alexander. Plaintiff further avers that it surrendered conduct and control of said matter to defendant and that on, to wit, the 4th of July, 1919, the said Alexander advised plaintiff that he would settle said cause or claim against it on the payment by plaintiff to him of the sum of his doctor's bill and lost time which amounted to, to wit, the sum of $175; and plaintiff avers that it notified defendant's agent or attorney of such opportunity to settle said claim within a few days after such offer was made, and the defendant through its said agent or attorney notified plaintiff that there was no liability on plaintiff's part to said Alexander and that the matter was in defendant's hand and not in plaintiff's hand. Plaintiff avers that, acting on such course of conduct on the part of defendant, it relinquished its right to make such settlement and failed to make such settlement on said terms, and plaintiff therefore avers that defendant is now estopped and denies its liability under said insurance contract."

Defendant filed rejoinders 2 and 3, which are as follows:

"(2) For that the following clause is contained in the policy sued on, namely:

" 'N. No condition or provision of this contract shall be altered or waived except by written indorsement attached hereto and signed by the attorneys in fact; nor shall notice to, or possessed by, any agent or other person be held to effect a waiver or change in any part of this contract. The personal pronoun herein used to refer to the subscriber shall apply regardless of number or gender.'

"And defendant avers that no written indorsement signed by the attorneys in fact, has been executed or attached to the policy, nor have the said attorneys in fact ever agreed in writing that the policy should cover liability imposed under the Employers' Liability Law.

"(3) Defendant for further answer says that suit was filed by Alexander against the plaintiff on, to wit, October 9, 1919, and that on, to wit, March 17, 1920, defendant wrote the plaintiff the following letter, namely:

" 'March 17, 1920.

" 'Boss Livery Company. Ensley Transfer & Supply Company, 1808 Avenue F, Ensley, Alabama—Gentlemen: In re Henry Alexander v. Ensley Transfer & Supply Co. The above case is set for trial on March 30th next, before Judge Wilkerson at 9:30 a. m. In preparing this case for trial, it develops that there is a possibility that the plaintiff may attempt to establish liability on you under the provision of the Employers' Liability Act, which was in force in this state at the time the accident in question took place. In order that there may be no misunderstanding in the event this situation arises, we desire to call your attention to that part of your policy named "Exclusions," and refer you particularly to No. 7, which provides that the policy does not cover "loss from the liability imposed upon the subscriber by any workmen's compensation or employers' law, agreement or plan," the scope of the coverage afforded in your policy merely being protection against liability imposed on you under common law. In the event, therefore, that at the conclusion of the trial, the jury shall impose liability on you under the provisions of the said Employers' Liability Act, our association will not be able to pay any judgment so rendered. Since you may desire, under the circumstances, to secure additional counsel in your own behalf, we desire to advise you that you have that privilege, and that we will be more than glad to co-operate with any attorney that you may desire to employ to assist us in the defense of this action. We anticipate that we shall be successful in defending this suit, but desire to notify you that our continuance in the case shall not be construed as a waiver of any rights of the Association under the terms of your policy. Please advise us your desires in this matter, in order that we may co-operate with you looking toward a favorable conclusion of the case in question. We are very truly yours, The Belt, [Signed] Metz & Griffith, Attorneys.'

"And defendant avers that shortly after said letter was written, the plaintiff employed a firm of attorneys to work with the defendant's attorneys in defending said cause, and said attorneys did work with the defendant's attorneys in defending said cause, and that said cause was not tried until on, to wit, June 11, 1920, and defendant avers that it did not know and had no assurance but that the plaintiff, in the case of Alexander v. Plaintiff in This Cause, might amend his complaint so as to claim under the common-law liability of an employer to an employee, as he had a right to do under the laws of Alabama, and that after said letter was received by plaintiff it had a reasonable time in which to investigate said cause and prepare for trial before trial."

This charge was given at defendant's request; and shows the views of the trial judge as to the issues involved in the case:

"I charge you, gentlemen of the jury, that unless you are reasonably satisfied from the evidence in this cause that the plaintiff relinquished its right and opportunity to make settlement with the said Alexander by the payment to him of the approximate sum of $175, and the said Alexander was willing to take in settlement of his said claim, or that plaintiff had a chance to settle with the said Alexander by payment of his doctor's bill which was in the sum of, to wit, $75, and the payment of lost time which was in the sum of, to wit, $100, or that plaintiff relinquished its right to make such settlement by paying Alexander's doctor bill and lost time amounting to, to wit, $175, then you cannot find for plaintiff."

Defendant excepted to these excerpts from the oral charge:

"But the contracts are decided by custom or interpretation, and, even though it may have been not embraced in the contract, yet each party to a contract has a right to interpret for himself the meaning and purpose of the contract."

"When he has entered into a contract and it

becomes necessary to the performance of some portion of it, he has a right and it is his duty to act in accordance with that contract, or his own interpretation of that contract, and when, in the exercise of that duty, he does interpret it, then he is bound by that interpretation, if the other party has done or omitted to do something in consequence of that interpretation, and has been injured thereby."

David J. Davis and Metz & Griffith, all of Birmingham, for appellant.

Waiver or estoppel does not operate to extend a contract of insurance to cover a liability which the parties understood and expressly agreed it should not cover. Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 South. 649; Hollings v. Brown, 202 Ala. 504, 80 South. 793; McCoy v. N. W. Mutual Ass'n, 92 Wis. 577, 66 N. W. 697, 47 L. R. A. 681; Two Rivers Dredge Co. v. Maryland Cas. Co., 168 Wis. 96, 169 N. W. 291; Rosenthal v. Insurance Co., 158 Wis. 550, 149 N. W. 155, L. R. A. 1915B, 361, Ann. Cas. 1916E, 395.

Weatherly, Birch & Hickman, of Birmingham, for appellee.

The insurance company having undertaken the defense of the action, and having assumed liability with full knowledge of the facts, and by its act precluding plaintiff from making a reasonable settlement, could not thereafter disclaim liability. Joseph Gordon v. Mass. B. & I. Co., 186 App. Div. 630, 174 N. Y. Supp. 844; Rosenbloom v. Maryland Cas. Co., 153 App. Div. 23, 137 N. Y. Supp. 1064; Fairbanks Canning Co. v. L. G. & A. Co., 154 Mo. App. 327, 133 S. W. 664; Royle Min. Co. v. Fid. & Cas. Co., 126 Mo. App. 104, 103 S. W. 1098; Globe Nav. Co. v. Maryland Cas. Co., 39 Wash. 299, 81 Pac. 826; Empire State Surety Co. v. Pac. Nat'l Lbr. Co., 200 Fed. 224, 118 C. C. A. 410; Humes Const. Co. v. Phila. Cas. Co., 32 R. I. 246, 79 Atl. 1, Ann. Cas. 1912D, 906; Tozer v. O. A. & G. Corp., 99 Minn. 290, 109 N. W. 410.

SOMERVILLE, J. The question of decisive importance presented by the appeal is upon the validity and sufficiency of the estoppel set up by the plaintiff in its replication to the defendant's special plea numbered 3.

[1, 2] When an insurance policy contains a general liability clause, followed by a clause or clauses which except specified cases from the operation of the policy, it is not necessary for the complaint to negative the exceptions—their existence being a matter of affirmative defense, as to which the onus of allegation and proof is placed upon the defendant. Standard L. & A. Ins. Co. v. Jones, 94 Ala. 434, 437, 10 South. 530; 1 Corp. Jur. 490, § 248; Id. 493, § 265. We do not understand, however, that this rule shifts the general burden of proof from plaintiff to defend-

ant; and when the defendant has offered evidence showing prima facie that the case is one of specified nonliability, the burden of showing a case within the operation of the policy remains upon the plaintiff. 1 Corp. Jur. 496, § 284; Id. 498, § 289.

The defense set up by plea 3 is that the liability incurred and discharged by plaintiff is a liability imposed upon it by the Employers' Liability Law of Alabama, and that loss from such a liability is expressly excluded from the indemnity obligation of the policy.

The facts relied upon by plaintiff under plea 5, as constituting an estoppel against defendant's assertion of that exemption, or as imposing a new liability, are: (1) Defendant knew that the action against plaintiff was under the Employers' Liability Act of Alabama; (2) with that knowledge defendant elected to defend the suit, and assumed control and direction of it; (3) plaintiff was thereby induced to omit the employment of its own counsel, and to surrender the conduct and control of the cause to defendant; and (4) plaintiff relinquished its right and opportunity to make a settlement of the case with the injured party for approximately $175.

Under plea 6, the facts relied on as constituting an estoppel are: (1) After investigating the accident, defendant advised plaintiff that plaintiff was not liable, and that defendant would assume conduct and control of the claim; (2) plaintiff surrendered the conduct and control of the matter to defendant; (3) the injured party offered to settle with plaintiff for his actual loss of about $175, of which offer plaintiff advised defendant; (4) defendant advised plaintiff that there was no liability, and said the matter was in defendant's hands, and not in plaintiff's; and (5) acting on that course of conduct by defendant, plaintiff relinquished its right to make a settlement, and failed to make a settlement on the terms mentioned.

[3] It is settled by the decisions of this court that a liability not covered by an indemnity insurance policy will not be ingrafted on the policy by the mere act of the insurer in assuming control of the litigation and conducting the defense when the beneficiary is sued upon such a liability. Goodman v. Ga. Life Ins. Co., 189 Ala. 130, 66 South. 649; Hollings v. Brown, 202 Ala. 505, 80 South. 792. In such a case there is no field for the application of any doctrine of waiver or election, for original, primary obligations are not created in that way. McCoy v. N. W. Mut. Ass'n, 92 Wis. 577, 66 N. W. 697, 47 L. R. A. 681; Two Rivers, etc., Co. v. Maryland Casualty Co., 168 Wis. 96, 169 N. W. 291.

[4] It is clear, therefore, that plaintiff's replications to defendant's special plea 3 must be grounded upon an estoppel, the es-

sential constituents of which must be alleged. We think the replications do show the elements of a complete estoppel: (1) A position of authority assumed by defendant under color of right; (2) submission to and reliance upon that assumption, by plaintiff; and (3) injury suffered by plaintiff as a proximate consequence of such submission and reliance. That such an estoppel is sufficient, and is a valid answer to such a defense has been affirmed by a number of well-considered decisions. Globe Navigation Co. v. Maryland Casualty Co., 39 Wash. 299, 81 Pac. 826; Fairbanks Canning Co. v. L. G. & A. Co., 154 Mo. App. 327, 133 S. W. 664; Empire, etc., Co. v. Pacific Nat. Lbr. Co., 200 Fed. 224, 118 C. C. A. 410; Rosenbloom v. Maryland Casualty Co., 153 App. Div. 23, 137 N. Y. Supp. 1064; Joseph Gordon, Inc., v. Mass. Bond & Ins. Co., 186 App. Div. 630, 174 N. Y. Supp. 844. We approve the principle upon which those cases are rested, and think that its application to these replications justifies the action of the trial court in overruling demurrers thereto.

[5] It may be that technical propriety in pleading would require that an estoppel of this character should be declared upon in the complaint; and that these replications, setting up as they do a primary liability by estoppel, are a technical departure from the complaint which declares upon an express contract. See 26 Corp. Jur. 496, § 702. However, this objection is not pointed out by any ground of the demurrer, and the question is not presented. The evidence offered by plaintiff sufficiently supported the estoppel pleaded, and the trial judge correctly instructed the jury upon that issue.

[6] In stating this issue to the jury, or rather in defining the contention of plaintiff, the trial judge traveled somewhat beyond the terms and scope of the pleading, or, to borrow a figure of speech from a great Georgia jurist, he embellished the main air of the music with too many grace notes and variations. But the objection to this part of the oral charge is not specific, and fails to separate the objectionable portions from the mass of good and bad. The assignment of error based on this objection cannot, therefore, be sustained.

[7] Abstractly considered, the instructions to the jury that "contracts are decided by custom and interpretation"; that "each party has a right to interpret for himself the meaning and purpose of the contract"; that "it is a party's right and duty to act in accordance with that contract, or his own interpretation of that contract"; and "when, in the exercise of that duty, he does interpret it, then he is bound by that interpretation, if the other party has done or omitted to do something in consequence of that interpreta-tion, and has been injured thereby,"—are certainly misleading in their tendencies. But, considered in connection with the rest of the oral charge, those statements, expressly qualified as they were, cannot be regarded as erroneous or prejudicial to defendant.

While the evidence is not as clear and direct as it might have been, the jury could properly infer that the motor truck which caused the injury was the truck described in the indemnity policy. Defendant was not entitled to an affirmative instruction for failure of proof in that respect.

[8] As original evidence, what plaintiff stated to defendant company in his letter to them on July 27, 1920, after the damage judgment had been rendered against plaintiff, was not admissible. But, defendant having brought out portions of the letter on the cross-examination of plaintiff, it was competent on rebuttal to show all that was said in the letter about the matter under discussion.

[9] What the injured man, Alexander, said to plaintiff about the settlement of his claim, and the terms upon which he would settle—it having been shortly afterwards communicated by plaintiff to defendant—was competent evidence upon a material issue in the case, and was properly admitted.

[10] The complaint sufficiently showed a breach of defendant's obligation under the indemnity policy, and was not subject to any of the grounds of demurrer. We think the demurrers were properly sustained to defendant's rejoinders to the plea of estoppel.

[11] Provisions like that set up in rejoinder 2 are effective, if at all, only with respect to express agreements of waiver or alteration. Security Mut. Life Ins. Co. v. Riley, 157 Ala. 553, 563, 47 South. 735, and cases cited therein. They are not applicable to implied waivers, nor, a fortiori, to estoppels in pais.

[12] As to rejoinder 3, it shows an invitation to plaintiff, a short while before the trial, to employ its own counsel to assist defendant's counsel, but it does not show any relinquishment of authority or control over the suit; and it must be presumed from its allegations that the invitation, and the accompanying warning that defendant's continuance in the case should not be construed as a waiver of its rights under the policy, came after the estoppel relied on was already complete. This defect was pointed out by several apt grounds of demurrer.

We have examined all of the assignments of error, and find none of them can be sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.