(122 So. 658)

GREAT AMERICAN INS. CO. v. DOVER et al. (6 Div. 89.)

Supreme Court of Alabama. April 25, 1929.

Rehearing Denied June 13, 1929.

P. A. Nash, of Oneonta, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

J. T. Johnson, of Oneonta, for appellees.

SAYRE, J. ▮ Action on a policy of fire insurance.

The pleas were: General issue; that one of the plaintiffs willfully burned the property insured; in several different forms that plaintiffs had breached a warranty against any flue built of brick on edge. To pleas 3 and 5 of the last-named class the court sustained demurrers. Plea 2 alleged a willful burning by one of the plaintiffs. Plea 6 alleged a breach of the warranty as to the flue and that the breach increased the risk of loss. Plaintiffs replied specially as follows:

"2. The defendant, with full knowledge of the alleged breach of the conditions of the said policy, agreed and promised to pay after

532

the loss the full amount due on said policy, to-wit: eighteen hundred dollars."

To this replication, after demurrer overruled, defendant rejoined, setting up the following stipulation of the policy:

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the foregoing stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

Demurrer to this rejoinder was sustained.

The indicated rulings on the pleadings are assigned for error by the defendant company, which appeals from an adverse judgment.

Section 8364 of the Code provides as follows:

"No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

Plaintiff's demurrer to these pleas was properly sustained for that they failed to allege that plaintiff's alleged breach increased the risk of loss. That these pleas set up a breach of warranty cannot well be denied. Brotherhood, etc., v. Riggins, 214 Ala. 79, 107 So. 44. That a breach of a warranty constitutes a good defense was the law before the enactment of section 8364 of the Code. Kelly v. Life Ins. Co., 113 Ala. 453, 21 So. 361. This court has held that the section changes prior principles governing the law of insurance no further than its terms plainly import. Sovereign Camp, W. O. W., v. Hutchinson, 214 Ala. 543, 108 So. 520. The presently important effect of the section is to render warranties of no importance, save only when they relate to matters increasing the risk of loss. The court is wholly unable to say that a flue made of bricks on edge is more dangerous than a flue in which the bricks are laid flat. It follows that the trial court committed no error in sustaining the demurrers to pleas 3 and 5. In plea 6 the defect in pleas 3 and 5 was corrected and left it with the jury under the evidence to say whether or no this warranty of the policy had been breached.

We have stated replication 2 and defendant's (appellant's) special rejoinder. It will be noted the replication alleges a promise to pay, made after the loss, by the "defendant"—not an agent—with full knowledge of the breach of the conditions of the policy, meaning breach of the warranties of the policy. If the promise alleged be treated as a new promise, it was not the promise made by the policy of insurance alleged in the complaint, and, of course, did not answer the intervening plea in the absence of a new consideration. If it be treated as a waiver—that is, as abandonment of defendant's right to defeat a suit on the policy by reason of the fact that the property insured, a dwelling, had a flue constructed of brick laid on edge—it was inoperative. In view of defendant's objection—demurrer—it was necessary to allege either that the promise was supported by a new consideration—that is, a consideration other than that which the complaint, in Code form, must be taken to imply, viz. the original, premium paid or promised for the policy—or it was necessary to allege facts which would estop defendant to set up the warranties in question. No new consideration is alleged. No facts are alleged which would estop defendant to deny the binding effect of the new promise made after the loss and without new consideration, which is to say that no disadvantage would have accrued to plaintiff if the new promise had not been made—this for the reason that plaintiff already had defendant's promise to pay, made upon sufficient consideration, viz. the premium payment, and because no question was made about proof of loss as to which a waiver, available to plaintiffs, might have occurred subsequent to the loss. Day v. Home Ins. Co., 177 Ala. 611, 58 So. 549, 40 L. R. A. (N. S.) 652; Ins. Co. of North America v. Williams, 200 Ala. 681-688, 77 So. 159; Georgia Home v. Allen, 128 Ala. 451, 30 So. 537; U. S. Life Ins. Co. v. Lesser, 126 Ala. 568-586, 28 So. 646; Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51; 32 C. J. 1346; 40 Cyc. 263-265. Such a waiver as the last-named might have been well pleaded, for the law of waiver and estoppel cannot be abolished by contract. Alabama State, etc., Co. v. Long, etc., Co., 123 Ala. 675, 26 So. 655.

In Washburn v. Union Central, 143 Ala. 485, 38 So. 1011, and State Life v. Finney, 216 Ala. 562, 114 So. 132, both involving policies of life insurance, the insured had defaulted in the payment of a premium. The effect of the rulings was that the insurers might waive the default by a promise to pay notwithstanding the default. It is a reasonable presumption that the defendants in those cases received compensation for the waiver by the receipt, on paying the loss, of a

credit for the amount of the premium in default, and that such was the intention of the parties. Alabama State, etc., Co., v. Long, etc., supra, was a fire policy, and it was held that a stipulation against additional insurance was waived by long delay, after knowledge of the cause of forfeiture, to insist upon it, thereby, obviously, placing the insured in a position of disadvantage. As to the situation shown by the case last referred to, while there are some confused and conflicting statements of the doctrine in the adjudicated cases, we think the just rule is stated in 5 Cooley's Briefs (2d Ed.) 4290, as follows: "The weight of authority supports the proposition that an insurance company waives or is estopped to assert a violation of the terms of an insurance contract if the company on being notified of the violation [notified during the life of the policy; that is, before the loss, we take it] remains silent and fails to object or to declare a forfeiture, or cancel or rescind the contract, within a reasonable time," citing, along with a great number of cases, Alabama State, etc., Co. v. Long, etc., supra, a clear case of estoppel, for, if the insured had been notified of the intention to declare a forfeiture, he would have had an opportunity to get other insurance. "It is not the intention of the insurer, but the effect upon the insured, which gives vitality to the estoppel." Tobin v. Western Mutual Aid Soc., 72 Iowa, 261, 33 N. W. 663 (quoting May on Ins. § 507); 40 Cyc. 262, note. The text of 40 Cyc. 263, is entirely apt in this connection: "The confusion among the cases as to the necessity for a consideration for waiver arises out of the element of estoppel which frequently appears in the particular case. In the absence of conduct creating an estoppel, a waiver should be supported by an agreement founded upon a valuable consideration, although a consideration such as is necessary to support a contract is not always essential. Where the acts or conduct of a party are such as to estop him from insisting upon the right claimed to have been relinquished, no consideration is necessary," citing many cases, including Alabama State, etc., Co. v. Long, etc., supra. And the substance of the footnote is contained in this language: "A waiver, to be binding, must operate by way of estoppel, or amount to a promise supported by a valuable consideration." This, we think, expresses the sound law of the case, and, evidently, under that law the replication in question was insufficient. Nor, for the reason already indicated, do the two cases first above militate against the holding now made. Those were cases of life insurance. We have indicted our reason for holding that an estoppel could be raised in those cases. In this case, considering the replication as an answer to plea 6, the promise alleged was inoperative as a waiver or estoppel. The demurrer to the replication as a reply to plea 2, which alleged a willful burning of the property, was properly sustained. It should have been sustained also to the replication as a reply to plea 6.

The conclusion noted above renders it unnecessary to consider that ruling by which the trial court sustained the demurrer to defendant's rejoinder.

It would serve no useful purpose to state conclusions as to assignments of error based upon rulings on the evidence. One or two of them were probably erroneous, but of no great importance, and the identical rulings are not likely to recur on another trial.

Reversed and remanded.

All the Justices concur.