153 So. 454

### AMERICAN INS. CO. v. MILLICAN.
#### 8 Div. 561.

Supreme Court of Alabama.
Jan. 18, 1934.

Rehearing Denied March 22, 1934.

Coleman, Spain, Stewart & Davies, of Birmingham, for petitioner.

358

Tennis Tidwell, of Decatur, opposed.

Brief did not reach the Reporter.

BROWN, Justice.

The petitioner, defendant in the suit on a fire insurance policy issued, as averred in the complaint, "on the 28th day of September 1928," invites a review of the rulings of the Court of Appeals on the pleadings—the replications to defendant's pleas 4, 6, 7, and 9, to which demurrers were interposed and overruled by the trial court, and the rejoinders filed to said replications, to which the court sustained demurrers.

Plea 4 set up the failure of the plaintiff to furnish proof of loss in accordance with the provisions of the policy.

Plea 6 alleged a violation of the stipulation in the policy contract voiding the policy if insured incumbered the property after the issuance of the policy, in that "on to wit April 10, 1929, said insured property became mortgaged or incumbered by the *execution by plaintiff and his wife* of a mortgage or incumbrance to the Hartselle Motor Co." (Italics supplied.)

Plea 9 set up the provisions of the policy against incumbrance, and alleged "that said insured property became mortgaged or incumbered *on to wit January 25, 1929, by the execution of a mortgage by plaintiff and his wife* to one Mollie Turney to secure the sum of towit $150.00." (Italics supplied.)

The group of replications filed in answer to plea 4 alleged: "That one J. R. Howell, on the occasion hereinafter referred to, was the agent of the defendant, and as such had authority to take risks and transact the business of fire and marine insurance for the defendant, and that a day or two after said fire occurred the plaintiff informed the said Howell of the said fire and the loss under said policy, and the said Howell stated to plaintiff that he need not do anything further, and that he need not make any proof of loss to the defendant, and that the defendant would settle the loss and damage which plaintiff sustained by said fire within a few days."

On the principle stated in Yorkshire Ins. Co., Limited, v. Gazis, 219 Ala. 96, 121 So. 84, "that an agent authorized to write policies of fire insurance is a general agent in so far as to bind the insurer by his waiver of conditions and warranties inserted in the policy for the insurer's benefit," the Court of Appeals correctly held said replications were free from demurrable defects.

The group of replications answering the defense set up by pleas 6 and 7 alleged that "Howell was the agent of the defendant on the occasions hereinafter set forth, and as such agent he had authority to take risks and transact the business of fire and marine insurance for the defendant," and with knowledge of the fact of the alleged incumbrances on the insured property accepted from the plaintiff a renewal premium thereon, and extended the insurance on said property under the policy sued on for another year, covering the date of the loss by fire.

These averments, on the principles in Yorkshire Ins. Co. v. Gazis, supra, were an answer to the defenses set up in pleas 6 and 7, and the demurrers to this group of replications were properly overruled.

Another replication to pleas 6 and 7 averred that the mortgages constituting the incumbrances set up in said pleas were inefficaciously executed and void because they were on the homestead of the plaintiff, occupied by the plaintiff and his family, at the time, and "that there was no acknowledgment by her before any officer authorized by law to take acknowledgments of conveyances."

The defendant, by the averments of its pleas, assumed the burden of proving the efficacious execution of the mortgages, and the facts alleged in the special replications were provable under the general replications, so the overruling of the demurrer to this replication was without injury to the defendant.

Plea 9 and the replications thereto, with the exceptions to be hereafter noted, are in substance and legal effect the same as pleas 6 and 7, except it related to a different mortgage, and the demurrers to said replication on principles heretofore stated were properly overruled.

We deem it unnecessary to notice the rulings in respect to the replications to plea 8, as the Court of Appeals finds as a fact that the foreclosure proceedings set up in said plea 8 were commenced after the loss by fire under said policy, and could in no way affect the defendant's liability.

The jury was instructed by the trial court, as the opinion of the Court of Appeals states, that a waiver of the provisions of the policy could not be predicated on the acts of May, one of the insurance adjusters, in investigating the cause of the fire and the nature and extent of the loss.

█ Replication 16, setting up a waiver by defendant's agent Norris, is well within the principle, that "An adjuster of an insurance company, with full power to make examinations, investigations, and adjustments of a loss, has authority to waive the conditions of the policy; and if such adjuster, with full knowledge of the breach of the conditions of the policy of the insured, enters upon the investigation and adjustment of the loss, and treats the policy as valid and subsisting, any defense the insurance company had to the policy, by reason of the breach of the conditions, will be deemed to have been waived." Georgia Home Insurance Co. v. Allen, 128 Ala. 451, 30 So. 537; Indemnity Company of America v. Pugh, 222 Ala. 253, 132 So. 165.

█ The petitioner, however, insists that said replication was bad in that it failed to show a consideration for the alleged agreement to settle the loss, citing in support of this contention Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658, 659. It is important to note here that in that case the replication there dealt with set up a promise to pay, not made by an agent, but by the insurer, and neither alleged a consideration for the promise, *nor the facts and circumstances constituting a waiver or estoppel.* The replication was: "2. The defendant, with full knowledge of the alleged breach of the conditions of the said policy, agreed and promised to pay after the loss the full amount due on said policy, to-wit: eighteen hundred dollars."

In disposing of the question, it was observed: "We have stated replication 2 and defendant's (appellant's) special rejoinder. It will be noted the replication alleges a promise to pay, made after the loss, by the 'defendant'—not an agent—with full knowledge of the breach of the conditions of the policy, meaning breach of the warranties of the policy. If the promise alleged be treated as *a new promise,* it was not the promise made by the policy of insurance alleged in the complaint, and, of course, did not answer the intervening plea *in the absence of a new consideration.* If it be treated as a waiver—that is, as abandonment of defendant's right to defeat a suit on the policy by reason of the fact that the property insured, a dwelling, had a flue constructed of brick laid on edge—it was inoperative. In view of defendant's objection—demurrer—it was necessary to allege either that the promise was supported by a new consideration—that is, a consideration other than that which the complaint, in Code form, must be taken to imply, viz. the original premium paid or promised for the policy—*or it was necessary to allege facts which would estop defendant to set up the warranties in question.* * * * Such a waiver as the last-named might have been well pleaded, for the law of waiver and estoppel cannot be abolished by contract. Alabama State, etc., Co. v. Long, etc., Co., 123 Ala. 675, 26 So. 655." (Italics supplied.)

In the case at bar, the replication alleged the facts showing an election by the defendant to waive the alleged forfeiture, and the election once made is irrevocable. Washburn, Adm'r, v. Union Central Life Insurance Co., 143 Ala. 485, 38 So. 1011; Georgia Home Insurance Co. v. Allen, supra.

█ We are not in agreement with the opinion of the Court of Appeals in holding that the nonwaiver agreement of date of February 24, 1930, covered only the acts and conduct of adjuster May. The agreement was entered into between the defendant and the plaintiff, the defendant acting through its duly authorized agent, and its legal effect was, as it plainly states,. "to preserve the rights of all the parties" and to provide for an investigation of the fire and determine the amount of the loss. It saved a waiver on the part of the defendant, not only from the acts of May, but from the acts of Norris. Insurance Co. of North America v. Williams, 200 Ala. 681, 77 So. 159.

As pointed out in the case last cited, the nonwaiver agreement involved in Pennsylvania Fire Ins. Co. v. Draper, 187 Ala. 103, 65 So. 923, was limited to certain specific acts, and was not general in its terms, covering full investigation of the cause of the fire and extent of the loss.

The rejoinders, however, were addressed "to *replications 2 to 16, inclusive,* and each of them separately and severally," including the replications setting up a waiver by the acts of Howell, in accepting renewal premiums, with knowledge of the alleged incumbrances. This defect was pointed out by the ninth ground of the demurrer, which was well taken. This was sufficient to uphold the ruling of the trial court on the demurrer to the rejoinders. (Italics supplied.)

The writ of certiorari is, therefore, due to be denied, and it is so ordered.

Writ denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

## On Rehearing.

**BROWN, Justice.**

The rejoinders were not directed to the plaintiff's replications "separately and severally," as were the demurrers in Home Ins. Co. of New York v. Scharnagel, 227 Ala. 60, 148 So. 596, nor to "each and every" plea, as were the pleas in Barbour v. Shebor, 177 Ala. 304, 58 So. 276, but, as stated in the original opinion, they were addressed "to *replications 2 to 16, inclusive,* and each of them separately and severally," and under the holding in Louisville & Nashville Railroad Company v. Morgan, Adm'r, 114 Ala. 449, 22 So. 20, said rejoinders undertook to answer all of said pleas, and were not good as to some; therefore the demurrers thereto were properly sustained. If the defendant was not satisfied with the ruling of the court, its remedy was to amend the rejoinders so as to cure this defect.

■ The petitioner further strenuously insists that, to constitute a waiver of the right to declare a forfeiture for a violation of the provisions of the policy inserted for the insurer's benefit, there must be either a new consideration, or the insured must be misled to his hurt. This is not the law as applied to forfeitures.

In Alabama State Mutual Assurance Co. v. Long Clothing & Shoe Co., .123 Ala. 667, 675, 26 So. 655, 658, it was observed: "A waiver may be founded upon an estoppel, but it is not so necessarily. Though the conduct of the insurer may not have actually misled the insured to his prejudice, or into an altered position, yet if, after knowledge of the all facts, its conduct has been such as to reasonably *imply a purpose not to insist upon a forfeiture,* the law, leaning against forfeitures, will apply the peculiar doctrine of waiver, invented probably to prevent them, and will hold the insurer irrevocably bound *as by an election* to treat the contract as if no cause of forfeiture had occurred." (Italics supplied.) The doctrine of this case has been repeatedly reaffirmed. See Washburn, Adm'r, v. Union Central Life Insurance Co., 143 Ala. 485, 38 So. 1011; United States Life Insurance Co. v. Lesser, 126 Ala. 568, 28 So. 646; Georgia Home Insurance Co. v. Allen, 128 Ala. 451, 30 So. 537; State Life Ins. Co. v. Finney, 216 Ala. 562, 114 So. 132; Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658; Indemnity Company of America v. Pugh, 222 Ala. 251, 132 So. 165.

In Belt Automobile Indemnity Ass'n v.

Ensley Transfer & Supply Co., 211 Ala. 84, 87, 99 So. 787, 790, cited by the appellant, the court was dealing with an alleged liability not within the coverage of the policy, and it was there appropriately observed: "In such a case there is no field for the application of any doctrine of *waiver or election,* for original, primary obligations are not created in that way." (Italics supplied.) So the utterances in that case in respect to what is essential to create an estoppel are not apt here.

The same is true as to Huntsville Elks Club v. Garrity-Hahn Building Co. et al., 176 Ala. 128, 57 So. 750. The obligation there dealt with was a primary obligation arising from the breach of the building contract, and there was no occasion for an election by the defendant in that case.

The points raised by the application are therefore without merit, and the same will be overruled. It is so ordered.

Application overruled.