## PROTECTIVE LIFE INS. CO. v. COLE.

6 Div. 452.

Supreme Court of Alabama.

March 28, 1935.

Rehearing Denied June 6, 1935.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

Taylor & Higgins, of Birmingham, for appellee.

BROWN, Justice.

This is an action of assumpsit for a breach of the conditions of a group, one year, nonparticipating, conversion option policy of insurance, issued by the defendant to the "Pioneer Insurance Club of the Republic Iron & Steel Company's Employees" of Birmingham, county of Jefferson, state of Alabama, issued December 1, 1929, insuring the lives of the members of said club, with provisions for total permanent disability.

The plaintiff was a member of said club and his life was insured under said policy for

$2,000, as evidenced by a certificate of insurance issued by the defendant to him, to that effect.

The case was tried on count A, to which the master policy and said certificate were attached as exhibits, and made a part thereof.

The facts which operated to mature the policy for its full face value, according to its terms, were the death of the member of the club so insured, or proof to the company of his total disability, while the insurance was in force as to him.

The master policy, the basis of this suit, seems to be the same policy involved in McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349. If not the same, it is a facsimile of said policy.

Count A on which the case was tried avers:

"That on, to-wit, *the 24th day of March, 1931,* while plaintiff was a member of said Pioneer Insurance Club, and while the plaintiff was one of the persons insured under said policy of insurance, and while said policy of insurance was in force and effect by reason of the payment of the premiums due thereon, and when plaintiff was, to-wit, 34 years of age, plaintiff became totally and permanently disabled by reason of bodily injury to his left arm and disease of the stomach to such an extent that plaintiff was thereby, and at all times since said date has been and will at all times in the future be, wholly prevented from engaging in any gainful occupation. -

"And plaintiff further avers that on, to-wit, the *15th day of February, 1932,* the plaintiff furnished to the defendant due proof of such disability, and that defendant, after receiving said proof and after plaintiff's demand therefor, has failed or refused to pay the plaintiff the amount specified in said policy of insurance, to-wit, Two Thousand Dollars ($2,-000.00)." (Italics supplied.)

The eleventh and twelfth grounds of the demurrer, interposed to said count by the defendant, and overruled by the court, take the point that it does not aver that the insurance was in force on plaintiff's life at the time plaintiff furnished proof of his disability.

In the McGifford Case, supra, it was held a condition precedent to liability for total and permanent disability that the insured furnish proof to the insurer for its approval while the plaintiff was a member of the club with premiums paid and insurance was in force. McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349. This holding was reaffirmed in McCutcheon, as Guardian, etc., v. All States Life Insurance Co. (Ala. Sup.) 158 So. 729.

The court, therefore, erred in overruling the demurrer.

It appears without dispute that plaintiff's relation as employee to the Republic Iron & Steel Company terminated on March 31, 1931, and there is an absence of averment, and an absence of proof showing or tending to show that plaintiff exercised his rights, under the "conversion privilege" clause of the policy, to continue the insurance in force as to him.

The evidence is also without dispute, that he did not furnish proof to the company of his disability until "about February of 1932." Therefore, it must be held that the insurance was not in force at the time such proof was furnished, and the defendant was due the affirmative charge, which was erroneously refused. The other questions argued need not be considered.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

### On Rehearing.

BROWN, Justice.

The substance of the doctrine of waiver as applied in the law of insurance is, that if the insurer, with knowledge of facts which would bar an existing primary liability, recognizes such primary liability by treating the policy as in force, he will not thereafter be allowed to plead such facts to avoid his primary liability. Washburn, Adm'r, v. Union Central Life Insurance Co., 143 Ala. 485, 38 So. 1011; American Ins. Co. v. Millican, 228 Ala. 357, 153 So. 454.

This doctrine, however, cannot be invoked by the insured to create such primary liability. To create such primary liability all the elements of a binding contract are essential. Belt Automobile Indemnity Ass'n v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787; Great American Ins. Co. v. Dover et al., 219 Ala. 530, 122 So. 658; American Ins. Co. v. Millican, supra.

The relation of the insured and insurer terminated when the plaintiff's relation as employee of the Republic Iron & Steel Company terminated, destroying the basis for the primary liability essential to the plaintiff's right of action, and the first paragraph of the letter relied on as the waiver asserts the can-

cellation of the policy prior to the filing of proof.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.