166 So. 719

## CRANFORD v. NATIONAL SURETY CORPORATION.

### 7 Div. 152.

Court of Appeals of Alabama.
Oct. 8, 1935.

Rehearing Denied Nov. 12, 1935.

Reversed on Mandate March 17, 1936.

Motley & Motley, of Gadsden, for appellant.

L. B. Rainey, of Gadsden, and Ball & Ball, of Montgomery, for appellee.

128

RICE, Judge.

The National Surety Company, a corporation, was the surety on the official bond of Thomas F. Griffin, sheriff of Etowah county, for the term of four years, beginning with Griffin's induction into office in January, 1931.

On the 29th day of April, 1933, there was executed between the National Surety Company (not here sued) and the National Surety Corporation (the defendant and appellee) an agreement, in due form, whereby the National Surety Corporation assumed a large number of obligations theretofore subsisting against the National Surety Company.

Among the obligations of the National Surety Company expressly, by the agreement mentioned, not assumed were those described in this language, towit: "Liability * * * under any * * * bond * * * where any notice has been received by or for the Old Company (National Surety Company, we insert) prior to May 1, 1933 that a loss has or may have occurred under such bond * * *."

As we read the agreement, the above-quoted language specifically exempts appellee from liability on the official bond of the said Thomas F. Griffin, sheriff, in so far as the agreement mentioned is concerned—this for the reason that it is agreed that prior to the execution of the said agreement "Claims and suits were filed and pending against the National Surety Company and the said Griffin, Sheriff, (on the bond in question, it is apparent) of which the Company and Corporation had knowledge."

But, appellant says, appellee is liable in this suit because, after the execution of the agreement referred to above, and in, to wit, February, 1934, while the said Griffin was yet alive and in the active discharge of the duties of his office as sheriff, appellee, by its duly authorized agent (by mistake, even though it appears), collected from the county of Etowah the premium that would have been due appellee had it actually been the surety on Griffin's said bond. This premium was retained by appellee until after the liability claimed by this suit had arisen, when it was (immediately upon the discovery of the error, as appellee claims) tendered back to the county. (The tender was refused, but we are not concerned with that phase of the matter, at present.)

It is argued by appellant that the action by appellee with regard to this premium constitutes an estoppel by it to deny liability in the present suit.

Perhaps there is more than one answer to appellant's said contention. But a sufficient one, it seems to us, is the principle embodied, either directly or by easy inference, in the language used by Mr. Justice Brown for our Supreme Court in the opinion on rehearing in the case of Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818, 819, to wit:

"The substance of the doctrine of waiver as applied in the law of insurance is, that if the insurer, with knowledge of facts which would bar an existing primary liability, recognizes such primary liability by treating the policy as in force, he will not thereafter be allowed to plead such facts to avoid his primary liability. Washburn, Adm'r, v. Union Central Life Insurance Co., 143 Ala. 485, 38 So. 1011; American Ins. Co. v. Millican, 228 Ala. 357, 153 So. 454.

"*This doctrine, however, cannot be invoked by the insured to create such primary liability. To create such primary liability all the elements of a binding contract are essential.* (Italics ours.) Belt Automobile Indemnity Ass'n v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787; Great American Ins. Co. v. Dover et al., 219 Ala. 530, 122 So. 658; American Ins. Co. v. Millican, supra."

It thus appears, though we are tempted to remark, superfluously, that we fail to see that the whole record shows any damage

suffered by appellant, that appellee is not liable in the suit.

And the judgment is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721.