40 So.2d 320

### BOGGS v. KERSHAW, BUTLER ENGINEERS, Limited.

8 Div. 483.

Supreme Court of Alabama.

April 14, 1949.

Rehearing Denied May 19, 1949.

Hugh A. Locke and Wade H. Morton, both of Birmingham, for appellant.

Robt. W. Smith and Geo. P. Bondurant, both of Birmingham, for appellees.

BROWN, Justice.

This action of assumpsit instituted April 26, 1943, by appellant Boggs against appellees, who at the time the alleged cause of action arose were engaged in the performance of what is termed a "cost-plus fee contract" between the United States and the defendants, entered into in writing in July, 1941, for the construction of the Huntsville Arsenal in Northern Alabama on a site owned by the government consisting of a tract of land in Madison County of an approximate area of sixty square miles.

There are two counts in the original complaint, the first claiming $700 damages under Title 40 U.S.C.A. §§ 324 and 325a, for overtime work by the plaintiff, an employee of defendants, as a mechanic or laborer at the basic day rate of $5.83⅓ per day or $35 per week from to wit September 3rd, 1941, to April 3, 1942. Count two is the common count, claiming the sum of $700 for work and labor done by plaintiff for the defendants from September 3, 1941, to to wit April 3, 1942.

Count three, added by amendment, claims "overtime compensation for time and work from September 3rd, 1941, to towit April 3, 1942, in excess of forty (40) hours per week". Plaintiff alleges that "during said period of time, he was employed by the defendants and that defendants were, during said period of time, engaged in interstate commerce or the production of goods for interstate commerce and plaintiff as such employee was engaged in interstate commerce or in the production of goods for interstate commerce and while so engaged did work for defendants during said period of time, towit, a period of 31 weeks, towit, twenty-four (24) hours per week more than forty (40) hours per week, and plaintiff was not paid for such time in excess of the maximum hour provision of forty (40) hours per week of the Fair Labor Standards Act [29 U.S.C.A. § 201 et seq.], at the rate of one and one-half (1½) times the regular rate." Said count claims for such

overtime and further claims an equal amount as liquidated damages and reasonable attorneys' fees.

Count 4 added by amendment claims the sum of $1,500 as damages, as overtime compensation and in addition thereto an equal amount of liquidated damages and in addition thereto a reasonable attorney's fee for the plaintiff's attorney. Said count embodies averments of facts going to show that plaintiff, as a laborer, was engaged in interstate commerce, and avers that during said period of time defendants were engaged in interstate commerce and that plaintiff as such employee was engaged in interstate commerce or in the production of goods for interstate commerce, within the meaning of the Fair Labor Standards Act, and plaintiff while so engaged did work for defendant during a definite period of 20 hours per week more than 40 hours per week and defendant failed or refused to pay plaintiff at the rate of one and one-half times the regular rate for hours of work in excess of forty hours per week, in violation of section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 207.

"Plaintiff further avers that while so employed by the defendants he performed activities for the defendants related to the shipment of such 'goods' in commerce or the 'production' of goods for commerce within the meaning of the Fair Labor Standards Act, as amended.

"The plaintiff further avers that during the hours of work for which he sues to recover compensation herein, he was engaged in an activity which was compensable by the express provision of a written or unwritten contract between the plaintiff and defendants, or a custom or practice not inconsistent with the provisions of a contract in effect at the time of such activity."

The defendants' demurrer, interposed to the several counts of the complaint, was overruled by the court and that ruling is in no way questioned on this appeal.

The defendants interposed eight pleas in bar to each count of the complaint, as amended. Pleas one and two, as we construe them, are tantamount to an averment that the allegations of the complaint are untrue—the general issue in actions of assumpsit. Code of 1940, Tit. 7, § 225. Plea three denies that "at any time during the period for which the plaintiff claims compensation, they (the defendants) were engaged in interstate commerce."

Plea four likewise denies that at any time the plaintiff was engaged in interstate commerce.

Plea five alleges: "Defendants say the plaintiff agreed in writing to work for the defendants at a fixed and stipulated amount per week, which said agreement contained no provisions for the payment of overtime for hours worked in excess of 40 hours per week, and the plaintiff was paid each week the full amount provided in said written agreement, and defendants deny there was a custom or practice in effect during the plaintiff's employment, established by the defendants, for the payment of overtime compensation for hours worked in excess of 40 hours per week, for or on account of the type of work performed by the plaintiff."

Plea six, which will appear in the statement of the reporter, pleads reliance upon past administrative rulings in good faith in denying compensation for overtime as defendants insist, under the provisions of Title 29 U.S.C.A. § 258.

Plea seven avers that the right of action sued on did not accrue within one year next before the commencement of this action.

Plea eight is a plea of the statute of limitations of three years.

The plaintiff demurred to each of said pleas as an answer to each of the several counts of the complaint. The court overruled the demurrers and that ruling is made the basis of assignments of error one and three as touching pleas five and six. It is clear from the averments of said counts that count one is predicated on the eight hour law, while counts three and four are predicated on the Fair Labor Standards Act.

The trial court, it seems, overlooked or ignored the provisions of the Wage and Hour Law, as amended by the Act of September 9, 1940, embodied in Title 40 U.S.C.A. §§ 324, 325 and 325a. The provisions

of said law pertinent to the case in hand are: "Every contract made to which the United States, any Territory, or the District of Columbia is a party, and every such contract made for or on behalf of the United States, or any Territory, or said District, which may require or involve the employment of laborers or mechanics shall contain a provision that no laborer or mechanic doing any part of the work contemplated by the contract, in the employ of the contractor or any subcontractor contracting for any part of said work contemplated, shall be required or permitted to work more than eight hours in any one calendar day upon such work * * *." Title 40 U.S. C.A. § 324.

Section 325 embodies the following proviso: " * * * *  *Provided*, That all classes of work which have been, or may be performed by the Government shall, when done by contract, by individuals, firms, or corporations for or on behalf of the United States or any of the Territories or the District of Columbia, *be performed in accordance with the terms and provisions of section 324. * * *"* [Italics supplied.]

Section 325a provides: *"Notwithstanding any other provision of law, the wages of every laborer and mechanic employed by any contractor or subcontractor engaged in the performance of any contract of the character specified in sections 324 and 325 of this title, shall be computed on a basic day rate of eight hours per day and work in excess of eight hours per day shall be permitted upon compensation for all hours worked in excess of eight hours per day at not less than one and one-half times the basic rate of pay. * * *"* [Effective Sept. 9, 1940, 9 a. m., E. S. T., c. 717, Title III, § 303, 54 Stat. 884.]

■ These statutes enacted by the Congress for the protection of mechanics and laborers employed by contractors or constructors in pursuance of a contract between the government and such contractor, in legal effect, writes into every such contract the quoted provisions of these statutes. 12 Amer.Jur. pp. 769, 741, § 240; Farmers' & Merchants' Bank v. Federal Reserve Bank, 262 U.S. 649, 43 S.Ct. 651, 67 L.Ed. 1157, 30 A.L.R. 635; Lindsay v. Mayor and City Council of Anniston, 104 Ala. 257, 16 So. 545, 27 L.R.A. 436, 52 Am. St.Rep. 44; Filardo v. Foley Bros., Inc., et al., 297 N.Y. 217, 78 N.E.2d 480. And, as appears in the stipulation of fact, the contract between the defendants and the government contained the following express provision which was written into such contract in pursuance of said statutes:

"The Constructor shall compensate laborers and mechanics for all hours worked by them in excess of eight hours in any one calendar day at a rate not less than one and one-half times the basic rate of pay of such laborers and mechanics and shall include a stipulation in each subcontract that laborers and mechanics will be paid at a rate not less than one and one-half times their basic rate of pay for all hours worked by them in excess of eight hours of any one calendar day."

■ Under such contract and the statutes authorizing them, it is not material that the laborer or mechanic or the defendants be engaged in interstate commerce or that such overtime work be performed in the prosecution of such interstate commerce or in connection therewith.

In Filardo v. Foley Bros., Inc., et al., 297 N.Y. 217, 78 N.E.2d 480, 482, decided March 11, 1948, in a very interesting and what seems to us sound interpretation and application of the eight hour law, the court observed:

■ "While the statute does not in so many words grant to the employee a cause of action if such compensation is not received, it is settled that such remedial legislation is to be given a liberal construction to effectuate its purpose and aim. See National Labor Relations Board v. Hearst Publications, 322 U.S. 111, 129, 64 S.Ct. 851, 859, 88 L.Ed. 1170; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 259, 260, 60 S.Ct. 544, 548, 549, 84 L.Ed. 732; Warner v. Goltra, 293 U.S. 155, 158, 55 S.Ct. 46, 47, 79 L.Ed. 254; Walling v. Patton-Tulley Transp. Co., 6 Cir., 134 F. 2d 945. The statute in terms provides that overtime work was to be permitted *'upon compensation'* at not less than time and one-half for such overtime work. (Emphasis supplied.) Manifestly, that lan-

guage must be read as an affirmative direction that compensation for overtime work shall be paid and may be collected whenever the hours of work exceed the statutory limit. Any doubt on this score is dispelled when one glances at the language of section 326—not here involved—which applies when the President suspends the operation of the eight-hour limit; it permits such suspension 'Provided, That the wages of persons employed upon such contracts shall be computed on a basic day rate of eight hours work, with overtime rates to be paid for at not less than time and one-half.' That is plainly a mandate to pay extra compensation for overtime work during the period of the law's suspension, and, since Congress could not have intended to deny overtime pay for work performed during the time the law is in effect, while granting it when it is superseded both sections—325a and 326—should be read alike. So read, the statute differs little from the Letter Carriers Act, May 24, 1888, 25 U.S.Stat. 157, ch. 308, which has been interpreted to bestow a right to sue upon employees within its coverage. See United States v. Post, 148 U.S. 124, 13 S.Ct. 567, 37 L.Ed. 392."

In the face of these statutes and the express provisions of the contract which they read into it, the alleged "good faith" defense pleaded in defendants' plea six is clearly precluded. The circuit court, therefore, erred in overruling plaintiff's demurrers to said plea six.

Assuming that plaintiff could waive or estop himself from claiming overtime compensation by entering into an express written agreement to that effect, as alleged in plea five, such waiver or estoppel would be ineffective unless said agreement was made on valuable consideration and no such consideration was averred in said plea. Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658. Moreover such agreement is in contravention of the public policy governed by the Acts of Congress and the written obligation of the defendants' contract with the government.

Plea seven is frivolous. The evidence does not sustain the averments of plea eight.

The evidence shows that plaintiff was an employee of the defendants within the protection of the eight hour law and that he worked overtime 335 hours and 27 minutes, for which he was entitled to compensation at one and one-half times his basic hour wage, and is entitled to a judgment therefor with interest computed from the time said overtime compensation was due to be paid to the date of the judgment to be entered in this case.

We see no need to enter into a discussion of whether or not this case falls within the influence of the Fair Labor Standards Act since the eight hour law affords complete protection to the plaintiff with less burden of proof and in either event, whether said Fair Labor Standards Act be applied, the recovery is limited by Title 40 U.S.C.A. § 325a.

The judgment of the circuit court, therefore, is reversed and the cause is remanded with directions to reform the issues in conformity with this opinion and to enter judgment for the plaintiff as above indicated and as sustained by the stipulated facts.

The judgment of the circuit court embodies the following statement: "By consent of the parties in open court, it is agreed that there be consolidated for the purpose of trial in the above captioned cause the following numbered cases in this court, to-wit: (listing by the number and style 94 cases)." But the judgment does not consolidate these cases and this appeal is prosecuted only from the judgment in the Boggs case. We note that it is stated in brief by appellee that the other cases are now pending in the circuit court on motion for new trial. The agreement entered into between the parties as recited in the judgment, therefore, may be carried into effect by the trial court on the bases of the facts stipulated.

Reversed and remanded with directions.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.

On Rehearing.

The parties agree that the stipulation of fact does not furnish sufficient data for computation of the amount of the recovery.

under the eight hour law and request that the case be remanded without directions so that the plaintiff may offer evidence furnishing data fixing the amount of his recovery. The opinion and the judgment of the court is modified so that the cause may be remanded to the circuit court without directions.

Opinion and judgment modified. Applications for rehearing overruled.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.