MILLER v. E. I. DU PONT DE NEMOURS & CO.

No. 34841.  April 1, 1952.

Rehearing Denied May 27, 1952.

*244 P. 2d 810.*

Fred W. Martin and G. F. Waggoner, Wagoner, Ernest Brown, Pryor, and Jack Rorschach, Vinita, for plaintiff in error.

J. Howard McGrath, Atty. Gen., of the United States; Newell A. Clapp, Acting Asst. Atty. Gen., of the United States; Whit Y. Mauzy, U. S. Atty., Northern District of Oklahoma (Enoch E. Ellison and Johanna M. D'Amico, Attys. Department of Justice, Washington, D. C. of counsel), for defendant in error.

O'NEAL, J. This cause of action is based on an allegation that on the 11th day of September, 1941, the United States of America entered into a written contract with the E. I. du Pont de Nemours and Company, a corporation, for the construction and operation of a new ordnance facility near Choteau, Oklahoma. The contract provided that "The contractor shall compensate laborers and mechanics for all hours worked by them in excess of eight hours in any one calendar day at a rate of not less than one and one-half times that basic rate of pay of such laborers and mechanics; that the contractor agrees that it will obey and abide by all applicable laws, regulations and ordinances and other rules of the United States of America." That under United States Code Title 40, §§321 to 326, known as the Federal, "Eight Hour Law", all work performed in pursuance of the contract referred to in excess of eight hours per day was permitted upon compensation for all hours over eight at not less than one and one-half times the employee's basic rate of pay. That portions of said contract were inserted for the use and benefit of the laborers and workers employed at the du Pont plant. That under section 29 of Title 15, O. S. 1951, it is provided, "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it", and plaintiff pleads the application of said statute in support of his cause of action.

Plaintiff also pleads that on September 9, 1942, the President of the United States issued an executive order No. 9240, 40 U.S.C.A. §326 note, as amended, which provides that in all work relating to the prosecution of the war that double pay should be paid employees who work seven consecutive days in any regular scheduled work-week, and plaintiff invokes the application of said order as applied to his cause of action.

Plaintiff's petition pleads in great detail the physical situation of the plant,

490

its extent in area, location of its facilities, and various requirements imposed by the du Pont management, covering inspections of employees entering and leaving the plant; that employees were required to change clothes after checking in and in checking out, and to bathe with certain chemical soap; that employees were required to walk certain distances to their place of work after checking in and on their return after checking out. That these requirements of the du Pont Company were all for the defendant's benefit, and time thus consumed was approximately one hour daily. Plaintiff pleads that defendant, in computing the hours each employee worked under the contract, failed to include as "hours worked" that time spent in traveling and preparing for work, as is required under the statutes and executive order pleaded.

Plaintiff then pleads that on the 12th day of December, 1945, that plaintiff filed an action in the district court of Mayes county, Oklahoma, for the additional wage claimed and that said case was removed to the Federal District Court of the Northern District of Oklahoma, and, thereafter, and on March 30, 1949, the case was dismissed on plaintiff's motion and without prejudice. That the case being disposed of on grounds other than its merits, plaintiff's cause of action is not barred by the applicable statute of limitations of the State of Oklahoma. The sum sued for as additional compensation is $1,000. The dates of employment are not stated in the petition, but, by reference to the worksheet attached, are indicated as between July 13, 1942, and August 24, 1945.

On July 27, 1950, the trial court sustained defendant's demurrer to plaintiff's petition. Plaintiff declining to plead further, an order was entered dismissing the petition with prejudice, from which order this appeal is taken.

The petition in error alleges error in the rendition of the judgment on two grounds: (a) the said petition stated a cause of action based on the Federal Eight Hour Law; (b) said petition states a cause of action based on the "Third Party Beneficiary Contract" theory arising from and out of the contract entered into by and between the defendant and the United States of America.

The defendant's contention in support of the judgment sustaining its demurrer to the petition is (a) that the cause of action is barred by a former judgment between the same parties covering the same cause of action as set forth in the present complaint; (b) that the action is barred by the three year statute of limitations of the State of Oklahoma; (c) that the petition does not state a cause of action under the exception stated in the Portal-to-Portal Act of 1947 (Act of May 14, 1947, c. 52, 61 Stat. 84, 29 U. S. C. A. §§251-262).

It is necessary to make a more detailed statement of the history of this litigation for an understanding of the questions posed in the respective briefs.

After the Congress declared that a state of war existed between the United States of America and the governments of Germany and Japan, the United States of America entered into a written contract with the E. I. du Pont de Nemours and Company covering the construction and operation of an ordnance facility near Choteau, Oklahoma. The plaintiff was employed by the defendant in this government plant under the operational phase of the contract. It is not contended that plaintiff has not received full pay for work performed under his regular rate of pay for hours worked. His claim here is for additional compensation for so-called portal-to-portal compensation. It is stated that from the clock-in alley to some of the buildings is more than two miles and that plaintiff was required to travel great distances over the work area after entering the defendant's premises. That because of the nature of the defendant's business, said employee was required to change clothes

after clocking-in and before clocking-out; was required to bathe with certain chemical soap and to wear certain kinds of clothes and shoes. That in computing the hours each employee worked under said contract, said defendant did not include as "hours worked" that time spent in traveling and preparing for work, as set out in the petition. That in traveling on the premises before actual productive work and in preparing for work, changing clothes and bathing after work, plaintiff spent one additional hour daily.

Plaintiff's contention is that the extra compensation is due as for "work" as that term was construed by the Supreme Court of the United States, in Tennessee Coal Co. v. Muscoda Local No. 123, 321 U. S. 590, 88 L. Ed. 949 (1944). That decision was based on the construction of the Fair Labor Standards Act of 1938 (Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended, 29 U. S. C. A. §201 et seq.) The court there stated that an employee's activities are not directly productive does not exclude him from the benefits of the Fair Labor Standards Act.

The mine owners had contended that wages were only payable from the time the employees reached the working face of the mines where the production actually occurs. The court did not agree with that contention and held that under the act the employees while engaged in travel from the mine portal to the working face under the direction of their employer were engaged in "work" although the act did not, in terms, define the word "work".

In Steve Anderson et al. v. Mt. Clemens Pottery Co., 328 U. S. 680, 90 L. Ed. 1515, decided in (June 1946), the Supreme Court gave the Federal Fair Labor Standards Act an increased liberal construction by its application to employees engaged in above ground employment, as applied to the Mt. Clemens pottery business. There additional compensation was imposed for time spent in preliminary activities preparatory to the commencement of actual productive work, such as putting on aprons and overalls, removing shirts, taping and greasing arms, putting on finger cots and turning on switches for lights and machinery, opening windows and assembling tools and kindred activities. The court held that the time necessarily spent·by the employees in walking to work on the employer's premises, following the punching of the time clocks, was working time within the scope of sec. 7 (a) of the act. The court further stated:

"It follows that the time spent in walking to work on the employer's premises, after the time clocks were punched, involved 'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarly and primarily for the benefit of the employer and his business'".

After the decisions in the Tennessee Coal Co. case, supra, in 1944, and the Mt. Clemens Pottery Company case, supra, in 1946, a great number of actions were filed under the Fair Labor Standards Act of 1938 (Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended, 29 U. S. C. A. §201 et seq.) to recover additional compensation for time allegedly spent before the schedduled starting time and after the scheduled quitting time, as well as walking to and from plant entrance, including changing of clothes, bathing, etc., following closely the claims asserted in the instant case.

Suits by individuals and as class actions were filed by employees then or formerly engaged in plants producing supplies, materials or ordnance under contracts with the Federal Government.

Congress, cognizant of the potential liabilities of the United States of America under its contracts with numerous individuals and corporations under the pronouncement of the court in the cited cases, enacted the Portal-to-Portal Act of 1947 (Act of May 14, 1947, c. 52, 61 Stat. 84, U.S.C.A. §§251-262) in which Congress declared it to be its policy to relieve employers from certain

liabilities and punishments under the Fair Labor Standards Act of 1938, supra, as amended; the Walsh-Healey Act (Act of June 30, 1936, c. 881, §§1-11, 49 Stat. 2036-2039, as amended, 41 U. S. C. §§35-45); and the Davis-Bacon Act (Act of March 3, 1931, c. 411, §§1-7, 46 Stat. 1494, as amended, 40 U. S. C. A. §276a et seq.).

The Portal-to-Portal Act provides:

"(a) The Congress finds that the Fair Labor Standards Act of 1938, as amended, has been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees, thereby creating wholly unexpected liabilities, immense in amount and retroactive in operation, upon employers with the results that, if said Act as so interpreted or claims arising under such interpretations were permitted to stand; . . ."

The act then sets out ten specific adverse results, which Congress states have followed the judicial interpretation placed on the Fair Labor Standards Act. The 4th ground thus stated reads: "employees would receive windfall payments, including liquidated damages, of sums for activities performed by them without any expectation of reward beyond that included in their agreed rates of pay." And as we will show (infra) Congress withdrew from the jurisdiction of all courts claims based on the so-called portal claims.

The constitutionality of the Portal-to-Portal Act, supra, has been sustained by nine Circuit Courts of Appeals, including the Court of Appeals of the 10th Circuit. Adkins v. E. I. du Pont de Nemours & Co., Inc., 176 F. 2d 661. The Adkins case and the I. F. Willis case and three other compensation cases were originally filed in the district court of Mayes county, Oklahoma, seeking to recover judgments against the du Pont Company for alleged unpaid wages. This group of cases was removed to the Federal District Court of the Northern District of Oklahoma. Shortly after the enactment of the Portal-to-Portal Act, supra, plaintiff filed

motions questioning the constitutionality of that act. It is stated and not controverted that the parties agreed that four of the cases, which included the Willis v. du Pont de Nemours & Co. case, should remain inactive awaiting the Court of Appeals decision in the case of Adkins v. du Pont de Nemours & Co. The District Court of the Northern District of Oklahoma held the Portal-to-Portal Act constitutional and dismissed the plaintiff's case for want of jurisdiction, refusing to review the Special Masters' finding of fact that the claims be denied on the ground de minimis non curat lex. On appeal of the Adkins case to the Circuit Court of Appeals (10th Circuit) that court affirmed holding the Portal-to-Portal Act constitutional and that the contracts between the employer and the United States containing provisions with respect to wages and maximum hours and providing penalties for violation thereof did not entitle employees to compensation for preliminary and postliminary activities within the saving provision of the Portal-to-Portal Act.

After the court's decision in the Adkins case, supra, to the effect that the Portal-to-Portal Act was constitutional, the defendants moved to dismiss the Willis suit, as well as the companion cases, on the ground that the plaintiff's activities were not compensable by (a) contract between the parties, or (b) by custom or practice in effect at the defendant's plant under the Portal-to-Portal Act. After the decision in the Adkins case by the Circuit Court of Appeals holding the Portal-to-Portal Act constitutional, the plaintiff moved the District Court of the Northern District of Oklahoma to remand the cases to the state court to hear the Portal-to-Portal pay claims on other grounds. On October 14, 1948, the court overruled plaintiff's motion to remand, and dismissed the actions, but allowed plaintiff thirty days to file amendments to their complaints, thus affording complainants an opportunity to bring their complaints, if possible, with-

in the permissive exceptions of the Portal-to-Portal Act.

Plaintiff filed amendments claiming compensation outside of the prohibitory provisions of the Portal-to-Portal Act. The amendment in the Willis case and the companion cases pleaded in great detail provisions of the contract of the 4th of August, 1941, between the du Pont Company and the United States of America alleging that the provisions with reference to wages and compensation under the Fair Labor Standards Act and the Eight Hour Law were in the nature of "Third Party Beneficiary Contracts" subject to enforcement by the employees performing work at the du Pont plant.

The court, on March 30, 1949, sustained the defendant's motion to dismiss and entered orders in all cases denying plaintiff's motions for dismissal without prejudice. As indicated on the same day the order of dismissal was entered in the Federal District Court of the Northern District, plaintiff filed the present action in the district court of Mayes county, Oklahoma, and from the order sustaining a demurrer to his petition the case is here for review.

To support the trial court's judgment defendants assert that the action is barred by the judgment of the United District Court for the Northern District of Oklahoma entered on March 30, 1949, in the Willis v. E. I. du Pont de Nemours & Company No. 1732 and by the statute of limitations of the State of Oklahoma and, further, that the complaint does not state a cause of action upon which plaintiff can recover.

As we construe the petition as amended in the Willis case (in which case the plaintiff here, D. E. Miller, was an intervener) it alleged a single cause of action based on the Fair Labor Standards Act. In plaintiff's amendment in the Willis case, he pleads that this cause of action is based upon and supported by the Fair Labor Standards Act of 1938, as amended, and also by the Eight Hour Law, that in this action it will be necessary to interpret and apply the federal law known as the Fair Labor Standards Act and the law known as the Eight Hour Law. The amendment also pleads the contract between the United States of America and the du Pont Company and that the petition stated a cause of action based on "Third Party Beneficiary Contract" theory.

The District Court of the Northern District of Oklahoma in its order sustaining the motion to dismiss had to pass on the question whether the petition, as amended, fell within the exception in sec. 2 (AI) of the Portal-to-Portal Act, i. e., did the complaint, as amended, allege a written or oral contract or custom or practice in force between the employees and the defendant employer providing for the payment of preliminary and postliminary time?

A search of the entire record in the federal court cases, as well as the complaint in the instant case, fails to disclose allegations to bring the action within the excepting clause of the Portal-to-Portal Act. The court also had to pass on the question presented by the amended complaint whether it stated a cause of action based on the Third Party Beneficiary Contract theory. That is, does the contract between the United States of America and the defendant, under sec. 29 of Title 15 O. S. 1951, expressly give this plaintiff and all other employees engaged in carrying out said contract the right to enforce the provisions of said contract made for their use and benefit. The statute reads, "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it".

It has nowhere been suggested in plaintiff's pleadings or in argument that plaintiff had a contract either oral or in writing governing terms of employment with defendant, but it is argued that the contract entered into between the United States of America and the defendant was consummated for the

benefit of plaintiff insofar as its terms related to hours and work performed thereunder.

In Fisch et al. v. General Motors Corporation, 169 F. 2d 266, certiorari denied, 335 U. S. 902, a similar contention was made. The court said: As herein indicated the amendments are grounded upon alleged contract or contracts between the defendants and the United States, under which the defendants agreed to pay plaintiff wages at the rate of time and one-half the regular rate for overtime work as set up in the original complaints, and further agreed that they would comply with all federal laws and regulations, including the Fair Labor Standards Act and the regulations issued thereunder. Plaintiff contended that the amendments aver a cause of action upon contract altogether independent of the Fair Labor Standards Act and the Portal-to-Portal Act. Taking the substance of the averments of the contracts as true, we cannot agree that they were entirely independent of the statute involved. By the very terms of the agreements as alleged the Portal-to-Portal Act, an amendment to the Fair Labor Standards Act, became a part of the contracts. By the contracts defendants agreed to obey all federal laws. It is true enough that one may recover upon a contract to which he is not actually a party if the contract was executed and inured to his benefit. But section 2A of the Portal-to-Portal Act did not except such contract from its provision.

The only exception made was (1) an express provision of a written or unwritten contract in effect at the time of such activity between such employee, his agent or collective bargaining representative and his employer. In the Adkins v. du Pont de Nemours & Co. (C. A. 10) 176 F. 2d 661, certiorari denied, 339 U. S. 935, the court construing the Portal-to-Portal Act stated:

"It has been held, without exception, that contracts such as the one in this case, are not contracts for the benefit of the employees so as to bring their services within the saving provisions of the Act. So also, insofar as the amendment sought to plead a contract between the employees and du Pont, it was wholly insufficient."

Plaintiff, however, asserts that the present case states a cause of action under decisions of the Court of Appeals of New York and the state courts of Arkansas and Alabama. Filardo v. Foley Bros., Inc., 297 N. Y. 217, 78 N. E. 2d 480; H. B. Deal & Co., Inc. v. Marlin, Judge, 209 Ark. 967, 193 S. W. 2d 315; Boggs v. Kershaw, Butler Engineers, Limited, 252 Ala. 265, 40 So. 2d 320.

Each of these cases involves the construction to be given the Federal Eight Hour Law, 40 U. S. C. A. §§321-326. In each case the plaintiffs were performing work under contracts entered into between the United States of America and its contractors engaged in performing public work. These cases plead causes of actions for work performed in excess of eight hours daily. The work was of the same kind and character as covered by their regular employment and not of the character based on the allegations in the Tennessee Coal Co. and the Mt. Clemens Pottery Co. cases, supra, or in the instant suit.

The provision for time and one-half and overtime worked, as provided in the Federal Eight Hour Law, was incorporated into the contracts. The court's holding that these contract provisions were for the benefit of the employee created no new or additional benefit for the reason that the Federal Eight Hour Law itself created the liability for overtime payments for all work in excess of eight hours daily. In legal effect the obligation to pay time and one-half for work performed in excess of the eight hour period was binding upon the employer whether the provision was or was not embraced in the written contract. This contention was also made in the Adkins case, but the Circuit Court of Appeals of the 10th Circuit held:

"It has been held without exception that contracts such as the one in this case are not contracts for the benefit of the employees so as to bring their services within the saving provisions of the act. So, also, insofar as the amendment sought to plead a contract between the employees and du Pont, it was wholly insufficient."

On consideration of the Federal District Court's order of March 30, 1949, on which defendant relies as a formal adjudication and as a bar to the present action, we find the following recitation:

"The Court further finds that the last amended complaint of plaintiffs and interveners does not contain sufficient allegations of fact to state a claim for compensation for activities compensable either by the terms of an express provision of a written or unwritten contract entered into by and between the plaintiffs and interveners and the defendant or by a custom in effect at the Oklahoma Ordnance Works where such plaintiffs and interveners were employed, and that such last amended complaint does not state a claim or cause of action under the Fair Labor Standards Act, as amended, within the jurisdiction of the court."

This order discloses that plaintiff's complaint failed to state allegations which would entitle plaintiff to relief in the absence of pleading the exceptions under the Portal-to-Portal Act, supra, that is, that plaintiff must plead that the activity in which he was engaged was compensable by either (1) an express provision of a written or unwritten contract in effect at the time of such activity between said employee, his agent or collective bargaining representatives and his employer; or (2) a custom or practice in effect at the time of such activity at the establishment or other place where such employee was employed covering such activity not inconsistent with the written or unwritten contract in effect at the time of such activity between said employee, his agent or collective bargaining representative and his employer.

The court gave plaintiff thirty days in which to amend, if they were so advised. Plaintiff declined to amend and, if the order of dismissal was based on this ground solely, we would have no difficulty in holding that the present action was barred by the rule of res adjudicata. But the order further recited that insofar as the complaint attempted to state a cause of action based on the Eight Hour Law, or the Third Party Beneficiary Contract theory (the reference being to the contract executed on August 4, 1941, between the United States of America and du Pont), that no claim for relief is stated within the jurisdiction of the court.

In other words, though there was a diversity of citizenship the amount sued for as to each plaintiff was less than $3,000 and, therefore, the court did not have jurisdiction. The dismissal recites that "this cause be and same is hereby dismissed for lack of jurisdiction, at the cost of plaintiffs and interveners."

We are further fortified in this view of the case by the opinion in the Adkins case, supra, wherein the Federal Circuit Court of Appeals stated: Since the court (referring to the Federal District Court of the Northern District of Oklahoma) was without jurisdiction of the cause there was no occasion for it to consider the case upon its merits and determine the issues presented by the masters' recommended findings of fact and conclusions of law.

As we construe the order, the dismissal applies to the cause of action in its entirety, and the case being refiled within the year, as provided by the Oklahoma law, the statute of limitations is not applicable.

We come then to the pivotal question in the case, has plaintiff stated a cause of action impervious to the demurrer?

The present complaint in all important features pleads identical facts as

496

pleaded in the Tennessee Coal Co. and the Mt. Clemens Pottery Co. cases, supra, that is, the time spent in walking to work on the employer's premises after the time clock was punched, changing clothes, time taken by bathing, etc. But, as we have noted, the cause of action so alleged has been barred by the Portal-to-Portal Act, supra. Neither does the Eight Hour Law apply to plaintiff's employment. That act simply establishes a day's work on an eight hour basis and then provides for pay at the rate of one and one-half times for additional hours worked. Likewise, the President's Order No. 9240 40 U.S.C.A., §326 note, has no application here, as that order provides that double time shall be paid for work performed on the seventh day of a regularly scheduled work-week.

Moreover, the Portal-to-Portal Act provides that no court of the United States, of any state * * * shall have jurisdiction of any action or proceeding, whether instituted prior to or subsequent to the effective day of the Portal-to-Portal Act (May 14, 1947), to enforce liabilities under the Fair Labor Standards Act, the Walsh-Healey Act, the Davis-Bacon Act, if the actions seek to enforce liabilities imposed which were not compensable under subsections (a) & (b) of §252 of the Portal-to-Portal Act. The demurrer to plaintiff's petition was properly sustained.

Judgment affirmed.

Rehearing Denied May 27, 1952.