This is an appeal of a summary judgment granted in favor of three insurance companies in a lawsuit filed to collect life insurance benefits. We affirm.
Joseph A. McGee first became employed with McWane, Inc., in 1947. Appellee Guardian Life Insurance Company (hereinafter Guardian) issued a comprehensive insurance coverage plan to McWane, Inc., effective August 1, 1976. McGee was covered under this plan through premiums paid in the form of payroll deductions. McGee became severely ill and stopped working on January 26, 1978. He was 63 years old.
McWane, Inc., discontinued its insurance contract with Guardian and obtained similar coverage with Banker's Life Company (hereinafter Banker's Life) effective July 1, 1978. McWane again changed its insurance contract on January 1, 1979. At that time, Banker's Life coverage was replaced with a contract issued by Provident Life and Accident Company (hereinafter Provident). It is alleged that both times McWane's coverage was changed, an employee of McWane went to the disabled McGee's bedside, and informed him of the change of companies, had him fill out an application, and assured him of coverage. McGee died on February 22, 1979. At the time the Guardian insurance contract was issued, McGee was over 60 years old.
When her demands for life insurance benefits were denied, McGee's wife, Georgia McGee, filed suit against the three insurance companies which had insured McWane employees. She also named McWane, Inc., as a defendant. Mrs. McGee alleged breach of contract against the three insurers, breach of implied contract against McWane, Inc., and fraud against both McWane and the insurance companies. The trial court granted summary judgment in favor of the three insurance companies on all counts, and in favor of McWane on the fraud count only. McGee here appeals the summary judgments in favor of the insurance companies only, and as to them, only the breach of contract issue will be discussed, as this is the only issue she has addressed in her brief.
The question we have before us then is whether the appellee insurance companies by their actions waived the contract conditions which would have negated their liability to pay life insurance benefits to McGee.
We first address the relevant provisions in each insurance company's contract with McWane. Guardian's policy provided three coverages: 1) life insurance, 2) total disability benefits, and 3) major medical health coverage. McGee was covered from 1976 *Page 995 
until July 1, 1978, when Banker's Life replaced Guardian as McWane's carrier. McGee became disabled in January 1978 and Guardian paid disability and major medical benefits to McGee until the policy was terminated.
Guardian states that it would have paid life insurance benefits to McGee's beneficiary under either of two situations: 1) if McGee had died while the policy was in effect, or 2) if McGee had met the prerequisites for obtaining extended life insurance coverage for totally disabled employees. This latter coverage provides that a totally disabled employee will receive extended life insurance coverage for one year past the date of termination of the insurance contract if he meets the contract definition of total disability, and he becomes disabled before he reaches age 60 and while insured with Guardian.
The evidence indicates that McWane's policy with Guardian was not in effect at the time McGee died. Furthermore, McGee was past the age of 60 when he became disabled; therefore, he was not entitled to the extended life coverage. Thus, under the contract terms, Guardian was not liable to pay life insurance benefits, unless the company had waived those contract provisions.
The Banker's Life insurance contract covering McWane employees from July 1, 1978, to January 1, 1979, provided that if an employee was not actively at work when the insurance contract would go into effect, then the coverage would not be effective as to that employee until the first day he was actively at work. Banker's Life argues that since McGee was not actively at work on July 1, 1978, when the Banker's Life contract became effective for McWane, Inc., and since McGee never went back to work thereafter, McGee was never covered under the Banker's Life insurance.
Banker's Life asserts, additionally, that if McGee was covered, its contract would have paid life insurance benefits under the same two situations as the Guardian contract discussed above. Since McGee did not die while the contract was in effect, and since he became disabled after age 60 and not while insured under the Banker's Life contract, then McGee was not entitled to life insurance benefits under the contract, unless, as in the case with Guardian, Banker's Life waived these policy provisions.
Appellee Provident's insurance contract covering McWane employees included substantially the same provisions as discussed above in regard to Banker's Life. Provident claims that McGee was never covered under its contract because he was not actively at work when Provident began coverage, and never went back to work thereafter. Provident's contract had a provision for continuation of insurance because of disability, but only if the employee became disabled while insured. Thus, McGee was not covered under Provident's contract, absent a waiver by the company of those provisions.
Since McGee was not entitled to life insurance benefits under the language of the various policies, appellant cannot recover unless the insurance companies waived compliance with those provisions. We now address whether the alleged acceptance of premiums by the three insurance companies served to waive those contract provisions which would otherwise preclude McGee from recovering life insurance benefits.
In Protective Life Insurance Co. v. Cole, 230 Ala. 450,161 So. 818 (1935) (on rehearing), this Court said the following:
 The substance of the doctrine of waiver as applied in the law of insurance is, that if the insurer, with knowledge of facts which would bar an existing primary liability, recognizes such primary liability by treating the policy as in force, he will not thereafter be allowed to plead such facts to avoid his primary liability.
[Citations omitted.]
230 Ala. at 452, 161 So. at 819. The Court went on to qualify that statement in this way:
 This doctrine, however, cannot be invoked by the insured to create such primary liability. To create such primary *Page 996 
liability all the elements of a binding contract are essential.
230 Ala. at 452, 161 So. at 819.
In Home Indemnity Company v. Reed Equipment Company, Inc.,381 So.2d 45 (Ala. 1980), the Court construed an insurance contract provision which excluded as an insured person any employee sued by a fellow employee for personal injury occurring in the course of employment. Responding to the claim that the insurer waived this provision, the Court stated as follows:
 Although the doctrine of waiver may extend to practically every ground on which an insurer may deny liability based on forfeiture, the doctrine is not available to bring within the coverage of a policy risks not covered by its terms or risks expressly excluded therefrom. Thus, coverage under an insurance policy cannot be created or enlarged by waiver or estoppel and, if there is no ambiguity, it is the duty of the court to enforce the policy as written. Here, the policy provision in question pertains to coverage rather than forfeiture. It follows that it could not have been waived by Appellant; and, if the provision is without ambiguity, it is due to be given effect. [Citations omitted.]
381 So.2d at 50-51. Therefore, in Reed, the provision excluding certain employees from coverage was not subject to a waiver by the insurer.
In the instant case, the insurance contracts of both Banker's Life and Provident contained provisions defining the employees who would be insured, as those "actively at work" during the term of the policy. Banker's Life insured employees of McWane, Inc., from July 1, 1978, until January 1, 1979. Provident insured McWane, Inc., from January 1, 1979, thereon. It is undisputed that McGee was not actively at work at any time during this period.
The provisions stating that employees "actively at work" would be insured under the contracts are coverage provisions and thus not subject to waiver. The fact that Banker's Life and Provident accepted premiums to cover McGee does not make the insurers liable on the life insurance contract. Therefore, summary judgment was properly granted in favor of Banker's Life and Provident.
This argument does not apply to Guardian, however, since McGee was "actively at work" when Guardian first commenced coverage of McWane employees. Nevertheless, there is still no waiver by Guardian of the eligibility provisions for life insurance benefits. There is no inconsistency in Guardian's accepting premiums for coverage of McGee, and now denying life insurance benefits to his beneficiary, because it provided disability coverage, major medical coverage, and life insurance coverage. When McGee became disabled, Guardian continued to accept premiums for approximately five months, until the insurance contract terminated. During this time, Guardian paid McGee major medical and disability benefits. Had McGee died during those five months, Guardian would have paid the life insurance benefits. This is true regardless of whether McGee became disabled after age 60, and regardless of the insurer's knowledge of that fact. Since the possibility existed that McGee would die during that period, Guardian was certainly justified in continuing to accept the premiums.
Guardian followed the plain language of the insurance contract. It accepted premiums and paid benefits in accordance with the provisions and exclusions in the contract. It did not waive the age limitation for extended life insurance coverage by continuing to accept premiums, since those premiums paid for several types of coverage, including the primary life insurance coverage. The extended life provision was simply an additional type of benefit available to those employees who met the eligibility requirements. McGee did not. Thus, summary judgment in favor of Guardian was proper.
For the foregoing reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 997